U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
APR - 2 2020
AT____O'CLOCK____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------X

LORENZO CHAMBERS          Civil Action #9:20-CV-0128
       Plaintiff,

Vs.                        AMENDED COMPLAINT

Department of Corrections and
Community Supervision (New York),   Jury Trial Demanded
LT. MASON, D.,
LT. MILLER,
C.O. SMITH, D
(Individually and in their official capacities)
                     Defendants.
-------------------------------X

Preliminary Statement

   This is a civil rights action Filed by LORENZO CHAMBERS, a state prisoner, For damages under 42 U.S.C. §1983, alleging Negligence, Delibrate Indifference, and Foreseeability in violation of the Eighth Amendment to the United States Constitution.

Jurisdiction

1.) The court has jurisdiction over the plaintiffs' claims of violation of Federal constitutional rights under 42 U.S.C.

§§ 1331(a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 USC. § 1367.

## Parties

3. The plaintiff, LORENZO CHAMBERS, was incarcerated at Clinton Correctional Facility during the events described in this complaint.

4.) Defendant, New York Department of Corrections and Community Supervision is the holding agency of plaintiff responsible for plaintiff's continued safety. D.O.C.C.S owes a duty of care to safeguard inmates, even from attacks by fellow inmates.

5.) Defendants, LT. MASON, D., LT. MILLER, and C.O. SMITH, D. are employed at Clinton Correctional Facility and have a responsibility to protect inmates from assault of fellow inmates especially when the assault is foreseeable and could have been prevented if the proper steps were taken.

6.) All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Facts

7.) Plaintiff asserts allegations of wrongdoing, negligence, deliberate indifference, and foreseeability of injury while he was incarcerated at Clinton Correctional Facility. The following facts are set forth as alleged by plaintiff.

8.) On June 12, 2017, Chambers was on his way back to the block from chow when he was cut by an unknown inmate on his right cheek. Plaintiff was treated for head injurys and the cut to his face. Thereafter, plaintiff spent two days in "mental health observation".

9.) On June 14, 2017, Chambers was returned to a regular cell block instead of a protective custody unit, as required per state directive any time an inmate is seriously injured by an unknown inmate. Later the same day, plaintiff was again assaulted by another unknown inmate and sustained yet another cut to his right forearm as well as knee injurys.

10.) At, on, and before both assaults on plaintiff, Plaintiff was a known member of the "Crips" a well established gang both in prison and out of prison. Members of the "Crips" in New York Department of Corrections and Community Supervision are enemys of the rival gang, the "Bloods" who out number the "Crips" 10 to 1. Members of the "Crips" are constantly targeted for assault by rival gang members and have a hard time surviving in General Population.

11.) It is common practice for "Crip" members who are known by D.O.C.C.S to be placed in protective custody or involuntary protective custody to protect the inmate from harm or retaliation for being a member of the "Crips".

12.) On both June 12, 2017 and June 14, 2017 Plaintiff was already labeled a known member of the "Crips" and was in the computer data bank.

13.) On June 12, 2017 Defendant Smith, D. was the first responding officer to the first incident where Plaintiff was attacked and cut on his cheek. During the pat frisk directly after the incident Defendant Smith, D. asked ~~Defendant~~ Chambers why he'd been cut and was told by Plaintiff "he was a known Crip and was retaliated on". Although Defendant Smith, D. wrote the disciplinary report regarding the first assault of plaintiff he never mentioned nor reported he'd been informed the assault on plaintiff was due to his gang affiliations.

14.) On June 12, 2017 Defendant LT. D. Mason was sent a Memorandum by Sgt. J. St. Louis outlining the first assault, the recovery of weapon used on Plaintiff during the assault, and the severity of the injurys Plaintiff sustained, however Defendant LT. D. Mason failed to follow New York D.O.C.C.S. directive by not placing Plaintiff in involuntary protective custody after reveiwing the Memorandum sent by Sgt. J. St. Louis and instead placed Plaintiff back

out in population where he'd just sustain critical injurys. IF Defendent LT. D. Mason would have properly investigated the First incident he would of discovered Plaintiff was a Known member of the "Crips" by simply reveiwing the Plaintiff's case history on the New York D.O.C.C.S Computer Data bank and could have prevented Plaintiff from being cut 2 days later.

15.) Defendent LT. Miller was the hearing officer at Plaintiff's hearing where he asked Plaintiff off the record about plaintiffs affiliations and recieved confirmation from plaintiff that he was infact a Known member of the "Crips" yet failed to recomened Plaintiff for protective custody and infact punished Plaintiff for being cut on June 12, 2017 by giving plaintiff 30 days Keeplock for defending himself while being assaulted.

16.) Defendant, New York Department of Corrections and Community Supervision Knew Plaintiff was a Known member of the gang "Crips" and even after being cut on June 12, 2017 and Knowing why failed to protect and acted with deliberate indiffrence by allowing Plaintiff to remain in general population where he was housed with Known enemys "The Bloods" causing Plaintiff to be assaulted and cut yet again 2 days later on June 14, 2017.

17.) Plaintiff is now mandated protective custody by New York D.O.C.C.S because of his Known affiliation with the "Crips." Defendants Knew this before both June 12 and June 14

incidents but failed to protect Plaintiff causing him to endure scars on his body for life. 2 days after June 12, 2017 Plaintiff was cut yet again before being placed in protective ~~Relief Requested~~ custody.

### Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) The physical abuse of the plaintiff resulting from direct negligence, deliberate indifference and failure to protect violated plaintiffs rights under the Eighth Amendment to the United States Constitution.

2.) Defendant Smith failing to inform his superiors that he'd been informed on June 12, 2017 by Plaintiff that he was cut for being a "Known Crip" showed deliberate indiffrence on Defendents part and resulted in plaintiff being cut again two days later, Violating plaintiffs rights under the Eighth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts

1.) $1,000,000 jointly and severally against defendants New York State Department of Corrections and Community Supervision as a result of plaintiffs injurys.

2.) $100,000 jointly and severally against all defendants for the punishment and emotional injury resulting from Defendants failure to protect.

3.) $50,000 jointly and severally against all the defendants for acting with deliberate indifference.

C.) Award punitive damages in the following amounts:

    1.) $20,000 against New York D.O.C.C.S

    2.) $10,000 against LT. MILLER, C.O. SMITH, and LT. Mason

D.) Grant such other relief as it may appear that plaintiff is entitled.

March 28, 2020

Respectfully submitted,

*Lorenzo Chambers*

LORENZO CHAMBERS