UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORENZO CHAMBERS,

                     Plaintiff,

                                                              9:20-CV-128
     v.                                                            (DNH/DJS)

LT. D. MASON and C.O. D. SMITH,

                     Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

LORENZO CHAMBERS
Plaintiff, *Pro Se*
17-A-0954
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

HON. LETITIA JAMES                            JONATHAN REINER, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Lorenzo Chambers brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility. *See* Dkt. No. 9, Am. Compl. Defendants have now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a),

- 1 -

seeking to dismiss the Amended Complaint in its entirety. Dkt. No. 23. Plaintiff opposes the Motion. Dkt. No. 30, Pl.'s Opp.

For the reasons that follow, the Court recommends Defendants' Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

This case concerns two incidents in which Plaintiff was assaulted by other inmates at Clinton Correctional Facility. *See generally* Am. Compl. Plaintiff claims to be a member of the Crips street gang. *Id.* at ¶ 10. He further claims that DOCCS staff at Clinton Correctional Facility were aware of this fact and that he was at an increased risk of violence because members of the Crips were far outnumbered within DOCCS by rival members of the Bloods street gang. *Id.*

On June 12, 2017, Defendant Smith observed a fight between Plaintiff and another inmate. Dkt. No. 23-7, Liberati-Conant Decl., Ex. E. Plaintiff testified that he was slashed by one inmate, who immediately moved away from the scene, while another inmate began assaulting Plaintiff. *Id.* at Ex. K ("Pl.'s Dep.") at p. 27. The inmate Smith observed fighting with Plaintiff was apprehended by correctional staff and a cutting weapon was discovered on his person. Dkt. No. 23-5, Mason Decl., ¶ 11. Following the incident Plaintiff denied the need to be placed in protective custody. Liberati-Conant Decl., Ex. I. He was sent for mental health observation. Mason Decl. at Ex. A.

On June 14, 2017, after being released from observation, Plaintiff was again assaulted by an inmate while being escorted to his cell. Liberati-Conant Decl. at Ex. G. Following this incident Plaintiff again denied the need for protective custody. *Id.* at Ex.

J. Correctional staff, however, determined that because Plaintiff "is a known Crip member who has been involved in several altercations because of his gang membership" he should be placed in involuntary protective custody. Liberati-Conant Decl., Exs. A & B.

Plaintiff filed no grievances regarding either of these assaults or about the alleged failure to protect him from the assaults. Dkt. No. 23-2, Seguin Decl.; Dkt. No. 23-4, Gregory Decl.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory

allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendant seeks summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies, the merits of the claim, and qualified immunity. Dkt. No.

23-1, Defs.' Mem. of Law at pp. 3-8. For the reasons which follow, the Court recommends that summary judgment is appropriate based on Plaintiff's failure to exhaust his remedies.

## A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution

Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to properly exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c).

### B. The Record Regarding the Filing of a Grievance

Plaintiff's failure to protect claim is one that must be exhausted under the PLRA. *Lurch v. Bui*, 2020 WL 8450543, at *4 (N.D.N.Y. Dec. 8, 2020), *report and recommendation adopted sub nom. Lurch v. Jones*, 2021 WL 392486 (N.D.N.Y. Feb. 4, 2021) (citing cases); *see also* Seguin Decl. at ¶ 11. The evidence offered by Defendants establishes that Plaintiff did not fully grieve the claim through the entire inmate grievance process. Seguin Decl. at ¶¶ 15-17 & Ex. A; Gregory Decl. at ¶ 14. In fact, there is no evidence that he grieved the claim at all. *Id.* Plaintiff does not contend to the contrary, arguing only that he placed a grievance in the IPC mailbox. Pl.'s Opp. at p. 6. He claims to have a copy of the grievance but did not provide it with his opposition.

### C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-

44. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff makes no argument that the grievance process was unavailable to him. This alone provides a basis for finding that Plaintiff's failure to exhaust should not be excused. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). The record moreover establishes that none of the *Ross* exceptions are applicable here. Plaintiff has fully exhausted administrative grievances through the DOCCS grievance program on other occasions. Seguin Decl. at Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As such, the first two exceptions identified under *Ross* are not applicable here." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018); *see also Lurch v. Bui*, 2020 WL 8450543, at *5.

Nor has Plaintiff raised any triable question of fact as to the applicability of the third *Ross* exception. As noted above, he states only that he placed a grievance in the IPC mailbox. Pl.'s Opp. at p. 6. His conclusory allegations in this regard, however, are insufficient. *Richard v. Leclaire*, 2019 WL 4233184, at *3 (N.D.N.Y. Sept. 6, 2019); *Aviles v. Tucker*, 2016 WL 4619120, at *4 (S.D.N.Y. Sept. 1, 2016). Plaintiff has not

provided the Court with a copy of any grievance, grievance decision, or grievance appeal. *See*, *e.g.*, *Gibbs v. Gadway*, 2019 WL 5191506, at *5 (N.D.N.Y. Oct. 15, 2019), *report and recommendation adopted*, 2020 WL 1227156 (N.D.N.Y. Mar. 13, 2020) (conclusory claim subject to dismissal where copies of grievances allegedly filed were not submitted as evidence) (citing cases); *Blake v. Porlier*, 2019 WL 7484052, at *5 (N.D.N.Y. Oct. 4, 2019), *report and recommendation adopted*, 2020 WL 58613 (N.D.N.Y. Jan. 6, 2020) (same). Nor does Plaintiff make any allegation that any DOCCS employee in any way interfered with his ability to file a grievance that would implicate *Ross*' third exception.

For these reasons, the Court recommends that the Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.[1]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 23) be **GRANTED**; and it is further

**RECOMMENDED**, that the Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[1] Given this recommendation, the Court does not address Defendants' arguments on the merits.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 3, 2021
      Albany, New York

                                      Daniel J. Stewart
                                      U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).